IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| AUTUMN ROSE, | ) | |
|---|---|---|
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-16-60-D |
| | ) | |
| DEPARTMENT OF DEFENSE, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING MOTION TO QUASH SUBPOENA

This matter is before the Court for disposition of the Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 [Doc. No. 1]. The movant, Autumn Rose, seeks an order pursuant to Section 3410 of the Right to Financial Privacy Act of 1978 ("RFPA"), 12 U.S.C. §§ 3401-22, preventing the Office of Inspector General of the Department of Defense from serving a subpoena duces tecum for the production of financial records held by the Bank of Oklahoma pertaining to her account. In a sworn statement filed in compliance with Section 3410(a), Ms. Rose attests that she is the customer whose records are sought, and states that her records should not be disclosed because they "are not necessary to this case." *See* Motion, attach. 1 [Doc. No. 1-1].

The Department of Defense ("DOD") has filed a timely response in opposition to the Motion, accompanied by the sworn declaration of a special agent of the United States Army Criminal Investigation Command, Jonathan D. Grove. Agent Grove states he is conducting a military criminal investigation into whether Sergeant Andre P. Jean-Louis, the father of Ms. Rose's child, obtained unauthorized housing allowances by misrepresenting who had

physical custody of the child and where the child resided. Agent Grove provides a detailed explanation of why Ms. Rose's personal financial records are relevant to the investigation.[1] Based on the information provided, the Court easily finds "there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry," as required by RFPA. *See* 12 U.S.C. § 3410(b).

As a preliminary matter, however, DOD asserts that subject matter jurisdiction is lacking because the Motion was not timely filed. *See id*. § 3410(a) (requiring customer's motion to be filed within 14 days of mailing a subpoena). DOD acknowledges that there is a split of authority among federal district courts on this issue. No appellate court case is cited. While research reveals no Tenth Circuit decision regarding RFPA, the court of appeals has recently stated that statutory timeliness provisions "'that speak to the rights or obligations of parties to a lawsuit establish claim-processing rules,' and 'should not be treated as jurisdictional prescriptions.'" *See Barnes v. United States*, 776 F.3d 1134, 1146 (10th Cir. 2015), *cert. denied*, 84 USLW 3097, 2016 WL 763250 (2016) (quoting *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1158 (10th Cir. 2013) (en banc) (Gorsuch, J., concurring) (internal quotation omitted)). If not jurisdictional, a timeliness requirement is subject to equitable tolling, waiver, estoppel, and similar doctrines. *See id*. at 1144.

DOD fails to acknowledge this Tenth Circuit authority or discuss its application to Section 3410 of RFPA. DOD concedes that Ms. Rose filed her Motion within only five days

---

[1] Respondent and Agent Grove are cautioned to comply in future court filings with rules promulgated pursuant to the E-Government Act of 2002, including Fed. R. Civ. P. 5.2(a). Minors should be identified only by initials and a birth date should include only the year of birth.

2

after she received notice of the issuance of the subpoena. *See* Resp. Br. [Doc. No. 3], pp.6,7. Further, according to DOD, the subpoena still has not been served; "[s]ervice of the subpoena on the Bank of Oklahoma is being held in abeyance pending resolution of the Movant's challenge." *Id.* p.6. It is unclear how RFPA's timeliness provision applies under these circumstances. Because DOD has failed to present sufficient argument or authority on the issue, the Court declines to deny the Motion due to lack of jurisdiction or untimeliness. Instead, the Court finds that DOD has shown the Motion should be denied on the merits.

IT IS THEREFORE ORDERED that the Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 [Doc. No. 1] is DENIED. The Office of Inspector General of the Department of Defense is authorized to serve and enforce its Subpoena Duces Tecum to Bank of Oklahoma for documents pertaining to the account of Autumn Rose.

IT IS SO ORDERED this 16th day of March, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE